IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO JOSEPH,

      Plaintiff,                    No. CIV S-03-0818 MCE KJM P

    vs.

DOUGLAS C. PETERSON, M.D.,

      Defendant.                <u>ORDER</u>

_____/

        Plaintiff is a prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. There are several of his motions pending before the court.

A. <u>Motion To Stay Proceedings Filed April 28, 2005</u>

        Plaintiff seeks a stay of these proceedings in order to pursue an interlocutory appeal of this court's order of April 6, 2005, granting defendant's request for additional time in which to file a motion for summary judgment. Because the grant of an extension of time is not one of the limited category of decisions for which an interlocutory appeal is available, there is no basis upon which to grant plaintiff's motion for a stay. <u>Cohen v. Beneficial Industrial Loan Corporation</u>, 337 U.S. 541, 546 (1949).

/////

/////

1

B. <u>Motions For The Appointment Of Counsel</u>

On May 27, 2005 and June 3, 2005, plaintiff filed motions for the appointment of counsel, in the latter mentioning that he has been prescribed anti-depressants that slow his thinking. While the court is not unsympathetic to plaintiff's condition, including as described in attachments to his motions, these circumstances are not so exceptional as to compel the court to seek the voluntary assistance of counsel. <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

C. <u>Motion To Proceed In Forma Pauperis</u>

On May 27, 2005, plaintiff submitted a request to proceed in forma pauperis. This motion is moot in light of the court's order of September 2, 2003, granting plaintiff in forma pauperis status.

D. <u>Motions For Default</u>

On April 15, 2005 and May 19, 2005, plaintiff filed motions for the entry of default and on May 12, 2005, he filed a document entitled "amended complaint," but which included additional information in support of his April 15 motion for the entry of default. Plaintiff bases these requests on defendant's securing additional time in which to file his motion for summary judgment, which he characterizes as a failure to comply with the scheduling order.

Because defendant complied with the local rules regarding requests for additional time and because the scheduling order did not preclude either party from seeking additional time, there is no basis for the entry of default against defendant. Local Rule 6-144.

E. <u>Motion To Amend Physician's Orders</u>

On May 19, 2005, plaintiff filed a motion to amend physician's orders. It appears plaintiff is attempting to file these records as additional exhibits to his complaint. Plaintiff has not suggested why these documents are not more appropriate as exhibits to his opposition to defendant's motion for summary judgment. <u>See</u> Fed. R. Civ. P. 15 (a).

Accordingly, IT IS ORDERED that

1. Plaintiff's April 28, 2005 motion for a stay is denied.

2. Plaintiff's May 27, 2005 and June 3, 2005 motions for the appointment of counsel are denied.

3. Plaintiff's April 15, 2005 (including the related document filed May 12, 2005 and entitled "amended complaint") and his May 19, 2005 motions for the entry of default are denied.

4. Plaintiff's May 27, 2005 motion to proceed in forma pauperis is denied as moot.

5. Plaintiff's May 19, 2005 motion to amend physician's orders is denied.

DATED:   June 13, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
jose0818.mot

3